SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ
RESIDENT JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

April 2, 2024

Dennis C. Smith
SBI #00169841
James T. Vaughan Correctional
Center
1181 Paddock Road
Smyrna, DE 19977

Re:     *State of Delaware v. Dennis C. Smith*
         Def. ID# 85003382DI
         Second Motion for Postconviction Relief (R-2)

Dear Mr. Smith:

You pled guilty to Attempted Murder, First Degree Kidnapping, and First Degree Rape on June 7, 1985 and were sentenced that same day to three life sentences. On June 1, 1999, you filed a Motion for a New Trial, a Motion for Postconviction Relief under Superior Court Criminal Rule 61 ("Rule 61"), and a Motion for Correction of Sentence, all three of which were denied on July 13, 1999. On July 31, 2019, you filed another Motion for Correction of Sentence with me, which I denied on October 29, 2019. You filed a second Motion for Postconviction Relief with me on December 4, 2023. This is my decision on that Motion.

In your Motion, you state two grounds for postconviction relief: (1) sentencing on the same day as conviction did not allow sufficient time for consideration of the factors going into sentencing, or give you time to rethink your guilty plea; and (2) your counsel at trial ("Trial Counsel") was ineffective because he sought to rush through the guilty plea in order to lessen his case load.

Before addressing the merits of your Rule 61 Motion, I must first address the four procedural bars of Superior Court Criminal Rule 61(i).[1] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[2] Under the Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, successive motions, procedural default, or former adjudication.[3]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final, or if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of

---

[1] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[2] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

[3] Super. Ct. Crim. R. 61(i).

Delaware or the United States Supreme Court.[4]   In this case, your conviction became final for purposes of Rule 61 on July 7, 1985, 30 days after the sentence was imposed.[5] Thus, you filed your Petition long after this one-year period had run. Therefore, consideration of your Rule 61 Motion is procedurally barred by the one-year limitation.

Second, second or subsequent motions for postconviction relief shall be summarily dismissed, unless you were convicted after a trial and the motion either pleads with particularity that either (i) new evidence exists that creates a strong inference of actual innocence in fact, or (ii) a new rule of constitutional law, made retroactive by the United States Supreme Court or the Delaware Supreme Court, applies to your case and renders your conviction invalid.[6]   This is your second Rule 61 Motion. You were not convicted after a trial, but entered a guilty plea. Neither of these two conditions applies. Therefore, consideration of your Rule 61 Motion is procedurally barred by this provision.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant can show "cause for relief from

---

[4] Super. Ct. Crim. R. 61(i)(1).
[5] Super. Ct. Crim. R. 61(m)(1).
[6] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

the procedural default" and "prejudice from a violation of [movant's] rights."[7] Your second ground for relief is based on a claim of ineffective assistance of counsel. It is well settled under Delaware law that, as collateral claims, ineffective assistance of counsel claims are properly raised for the first time in postconviction proceedings.[8] Thus, this bar would not apply to Ground 2 if it were not otherwise procedurally barred.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[9] Your first ground for relief is really an attack on your guilty plea and sentence: you claim that you did not have sufficient time to "rethink" your guilty plea, and that you did not have sufficient time for consideration of the factors going into sentencing. However, in 1985 you chose not to raise this in your case. Indeed, you pled guilty to all elements of the charges. You cannot use Rule 61 as a vehicle to relitigate your case or to withdraw your guilty plea. Ground 1 is barred by this provision.

---

[7] Super. Ct. Crim. R. 61(i)(3).
[8] *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").
[9] Super. Ct. Crim. R. 61(i)(4).

Finally, the four procedural bars do not apply to a claim that pleads with particularity that either (i) new evidence exists that creates a strong inference of actual innocence in fact, or (ii) a new rule of constitutional law, made retroactive by the United States Supreme Court or the Delaware Supreme Court, applies to your case and renders your conviction invalid.[10] As discussed above, you make no such pleadings, thus this exception does not apply.

Even if I were to consider Ground 2 (ineffective assistance of counsel) on its merits, other than your conclusory statement that "Trial Counsel sought to rush through the guilty plea in order to lessen his case load," you give no other supporting evidence or persuasive arguments whatsoever. Self-serving assertions are no substitute for facts and evidence. I find that, based on your Petition and my thorough review of the record of the prior proceedings in this case, you are not entitled to relief. I am therefore entering an order for summary dismissal under Rule 61.[11]

Your Rule 61 Petition is **DENIED**.

---

[10] Super. Ct. Crim. R. 61(i)(5); Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[11] Super. Ct. Crim. R. 61(d)(5).

**IT IS SO ORDERED**.

Very truly yours,


/s/Craig A. Karsnitz
Craig A. Karsnitz, Resident Judge


cc:     Prothonotary

6